IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN L. HARRIS III,

    Plaintiff,

v.

KAMALA HARRIS, Attorney General of the State of California, as in her official capacity, et al.,

    Defendants.

No. 2:11-cv-2186 GEB KJN PS

ORDER

/

Presently before the court is plaintiff's Motion for Leave to File Electronically. (Dkt. No. 2.) Plaintiff is proceeding without counsel in this action. Plaintiff represents himself to be a "law graduate and former law clerk," and that he has had a PACER account "for approximately 13 years." (Id.) Plaintiff asks that he be permitted to use the court's electronic filing system because of a July 25, 2011 knee surgery from which he is still recovering. (Id.) Plaintiff represents that his full recovery from this surgery should be complete "by March 2012." (Id.) Plaintiff notes, however, that he also wishes to use the court's electronic filing system even after March 2012, because "transportation and accessibility still present significant challenges." (Id.)

The undersigned denies plaintiff leave to file documents in this action via the

1

1  court's electronic filing system at this time.  Plaintiff has not shown that having to file and serve
2  documents conventionally is so uniquely burdensome that the court should permit an exception
3  to its prohibition on pro se plaintiffs' use of the electronic filing system.[1]  The undersigned
4  accepts plaintiff's representation that he is recovering from knee surgery; however, plaintiff was
5  able to file both his original complaint (Dkt. No. 1) and amended complaint (Dkt. No. 5) on
6  consecutive days, and plaintiff has not described how his recovery presents such a unique burden
7  that he cannot use the normal filing system.

8         The undersigned also accepts plaintiff's representation that he is a law school
9  graduate and former law clerk.  (Dkt. No. 2.)  However, in light of Federal Rule of Civil
10 Procedure 8(a), which mandates a "short and plain" statement of jurisdiction and of a plaintiff's
11 claims, the undersigned is given pause by plaintiff's 75-page complaint.  (Dkt. No. 5.)  That
12 pleading is neither short nor plain.  This lengthy pleading suggests that the court and the parties
13 may be forced to "sift through" irrelevant allegations to identify the basis of plaintiff's claims.
14 See e.g., In re Clearly Canadian Securities Litigation, 875 F. Supp. 1410, 1420 (N.D. Cal. 1995).
15 The undersigned by no means prejudges plaintiff's case, but plaintiff's nearly 300-paragraph
16 pleading does not lend support to plaintiff's request to be made an exception to the standard
17 prohibition on pro se plaintiffs' use of the electronic filing system.

18 **IT IS SO ORDERED**.
19 DATED: August 23, 2011

21 _____
   KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 133(a) mandates that "[p]ro se parties shall file and serve paper documents as provided in these Rules."  See also Local Rule 133(b)(2) (stating that "[a]ny person appearing pro se may **not** use electronic filing except with the permission of the assigned Judge or Magistrate Judge") (emphasis in original).