IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN L. HARRIS III,

      Plaintiff,

      v.

KAMALA HARRIS, Attorney General of the State of California, as in her official capacity, et al.,

      Defendants.

No. 2:11-cv-2186 GEB KJN PS

ORDER

/

      Plaintiff is proceeding without counsel in this action.[1]  On August 30, 2011, plaintiff filed a "Motion to Amend Complaint."  (Dkt. No. 11.)   Plaintiff filed a "[Proposed] Second Amended Complaint" in connection therewith.  (Dkt. No. 12.)[2]

      On September 15, 2011, defendants Kamala Harris, Attorney General of the State of California in her Official Capacity, and Don Hayashida, Alicia Fowler, John Jang, John Swift, Carrie Saulsberry, Artie Cooper, Kimberly Bell, Brea Noorani, Steve Wiley, and Rey Del Rio,

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (Dkt. No. 4.)

[2] However, plaintiff neglected to set the motion for a hearing date, and accordingly, his filing is in violation of Local Rule 230(b).

1

named in their individual and official capacities (collectively, "defendants") filed a Motion to Dismiss asserting improper service of process. (Dkt. No. 15.)

Plaintiff's Motion to Amend and defendants' Motion to Dismiss are both currently pending before the court. (Dkt. Nos. 11-12, 15.) Both pending motions are resolved herein. Because oral argument would not materially aid the resolution of either pending motion (Dkt. Nos. 11-12; 15), these matters are submitted on the briefs and record without a hearing. Fed. R. Civ. P. 78(b); E.D. Local Rule 230(g).

I.  BACKGROUND

Plaintiff filed his original complaint (Dkt. No. 1) on August 17, 2011, and his First Amended Complaint (Dkt. No. 5) on August 18, 2011. Plaintiff filed his First Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

On August 22, 2011, plaintiff filed a "Second Amended Complaint." (Dkt. No. 7.) Because that filing constituted a third version of his pleading, and because plaintiff had not sought leave of court with respect to such a pleading, on August 24, 2011, the undersigned issued an order striking that pleading *sua sponte*. (Dkt. No. 9.)[3] Thereafter, plaintiff filed a Motion to Amend, as well as his proposed amended pleading. (Dkt. No. 11-12.)

Pursuant to the court's order of September 8, 2011 (Dkt. No. 14), on September 16, 2011, plaintiff filed a "Certificate of Service." (Dkt. No. 19.) This Certificate of Service confirms that, to date, plaintiff has only served the stricken Second Amended Complaint upon defendants. (Dkt. No. 19.) Plaintiff has also represented that "[n]o Defendant has filed an answer to the Plaintiff's stricken complaint." (Dkt. No. 11 at 4.)

Relatedly, in their Motion to Dismiss and supporting declarations, defendants explain that the only pleading they have been served with is the stricken Second Amended Complaint, and that, understandably, they "do not wish to be in the position of responding to the

---

[3] That order also reminded plaintiff of his obligations to comply with the Eastern District Local Rule 137(c) and Federal Rule of Civil Procedure 15(a)(2). (Dkt. No. 9 at 3.)

incorrect complaint." (Dkt. No. 15 at 4.)

II.     ANALYSIS

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As plaintiff did not obtain defendants' consent regarding filing an amended pleading, his Motion to Amend requires leave of court. See id.

The Ninth Circuit Court of Appeals has pronounced that the policy favoring amendments to pleadings should be applied with "extreme liberality." See, e.g., Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). In considering whether to grant leave to amend, courts commonly consider the following factors: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Although the grant of leave to amend might cause the defendants to suffer some prejudice in the form of short delay, the undersigned finds, at least at this point in the proceedings, that consideration of these factors does not warrant denying leave to amend at this time. Defendants are unlikely to be significantly prejudiced by plaintiff's amended pleading, as they have only challenged the propriety of service of process and have not yet taken the time to substantively address plaintiff's allegations.[4] Given that the court should freely give leave to amend when justice so requires, and given that no undue delay, bad faith or dilatory motive

---

[4] To the extent defendants believe they suffer more significant prejudices from the granting of plaintiff's Motion to Amend, such as prejudice arising from plaintiff's pleading of claims potentially barred by the statute of limitations, defendants remain free to raise those issues. For instance, if defendants determine that plaintiff's failure to raise certain claims as part of his original and/or first amended pleading resulted in those claims being time-barred, defendants may assert such argument(s) by appropriate noticed motion.

3

appears attributable to plaintiff, the undersigned grants plaintiff's Motion to Amend. (Dkt. Nos. 11-12.)

Because the undersigned grants plaintiff's Motion to Amend, plaintiff's Second Amended Complaint (Dkt. No. 12) is now the operative pleading in this action. Defendants' Motion to Dismiss for improper service of a stricken pleading (Dkt. No. 15) is denied as moot. Defendants have no obligation to address or respond to the <u>stricken</u> pleading with which they were served, and plaintiff must effectuate proper service of the now-operative Second Amended Complaint (Dkt. No. 12). Of course, defendants shall have the opportunity to file responsive pleading(s), including motion(s) to dismiss, addressing the operative complaint.

Comparing plaintiff's <u>stricken</u> "Second Amended Complaint" (Dkt. No. 7) with plaintiff's "[Proposed] Second Amended Complaint" (Dkt. No. 12) reveals the two pleadings to be significantly different lengths and thus, different documents. (<u>Compare</u> Dkt. No. 7 (97 pages long) <u>with</u> Dkt. No. 12 (48 pages long).) The undersigned will not retroactively deem plaintiff's initial service of a <u>stricken</u> Second Amended Complaint (Dkt. No. 7) service to be proper, especially given the dissimilarities between the served "Second Amended Complaint" (Dkt. No. 7) and the "Second Amended Complaint" (Dkt. No. 12) made operative by this order. Accordingly, plaintiff is ordered to serve his now-operative Second Amended Complaint – <u>the version at Docket Number 12 on the court's docket</u> – upon defendants within 30 days of this order.

////
////
////
////
////
////
////

1    For the foregoing reasons, IT IS HEREBY ORDERED that:

2    1.    Plaintiff's Second Amended Complaint (Dkt. No. 12) will now serve as the operative pleading in this matter.

3    2.    Plaintiff is ordered to serve his now-operative Second Amended Complaint – <u>the version at Docket Number 12 on the court's docket</u> – upon defendants within 30 days of this order.

4    3.    Defendants' Motion to Dismiss (Dkt. No. 15) is denied as moot, and the hearing date for the motion is vacated. Defendants need not further address or respond to the <u>stricken</u> pleading (Dkt. No. 7) with which they were improperly served.

**IT IS SO ORDERED**.

DATED:  September 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE