IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN L. HARRIS III,

    Plaintiff,

v.

KAMALA HARRIS, Attorney General of the State of California, as in her official capacity, et al.,

    Defendants.
_____/

No. 2:11-cv-2186 GEB KJN PS

ORDER TO SHOW CAUSE

Plaintiff John L. Harris III ("plaintiff") is proceeding without counsel in this action.[1] Defendants' motion to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) was set to be heard on January 12, 2012. (Mot. to Dismiss, Dkt. No. 21; Minute Order, Dkt. No. 27 (resetting hearing date for January 12, 2012).) Plaintiff filed a written opposition ("Opposition") on December 13, 2011. (Oppo., Dkt. No. 23.) In his Opposition, plaintiff specifically requested oral argument on the pending motion to dismiss. (Id. at 1 ("Oral Argunent [sic] Requested").)

The court heard this matter on its law and motion calendar on January 12, 2012.

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). (Dkt. No. 4.)

1

Attorney Christine Mersten appeared on behalf of defendants.  When plaintiff did not appear at the hearing, however, the undersigned took defendant's motion under submission.

Eastern District Local Rule 230(i) provides, "Failure to Appear.  Absent notice of intent to submit the matter on the briefs, **failure to appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions**."  E. Dist. Local Rule 230(i) (emphasis added).  Here, plaintiff's failure to appear has unnecessarily delayed the resolution of defendants' pending motion, wasted judicial resources, caused undue travel expense to defendants, and delayed this action.[2]  The undersigned is troubled by plaintiff's failure to appear, especially given that plaintiff himself requested the opportunity for oral argument in this case.  (Oppo. at 1.)

The undersigned notes that plaintiff has already been advised of the importance of complying with the rules of litigation procedure in this action, and has already been directed to "familiarize himself with the Federal Rules of Civil Procedure and the Eastern District Local Rules."[3]  (Order, Dkt. No. 9 at 2 n.3.)  Despite having ample opportunity to review Local Rule 230 and the rest of the court's Local Rules, however, plaintiff chose not to appear at the January 12, 2012 hearing and never requested a continuance (or any other relief) that would excuse his non-appearance.

---

[2] During the hearing, defendants' counsel represented that defendants incurred the cost of her traveling to this court from San Diego in order to personally appear at the hearing, in large part due to plaintiff's formal "request" for "oral argument." (Opposition at 1.) Defendant's counsel may file a declaration substantiating the costs of her travel time and travel expenses, which the court will examine in the event plaintiff fails to sufficiently and timely respond to this Order to Show Cause.

[3] The undersigned's order striking plaintiff's improperly-filed pleading informed plaintiff that "[l]itigants proceeding without counsel, also known as pro se litigants, are bound by the rules of litigation procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Eastern District Local Rule 183, governing persons appearing without counsel, provides that failures to comply with the Federal Rules of Civil Procedure and the Local Rules may be grounds for dismissal or other appropriate sanctions.  Similarly, Local Rule 110 provides that failure to comply with the Local Rules 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.' Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)." (Order, Dkt. No. 9 at 2 n.3.)

Accordingly, **on or before January 23, 2012,** plaintiff is ordered to show cause in writing why he should not be monetarily sanctioned, or be otherwise sanctioned, for failing to appear at the hearing on January 12, 2012. See E. Dist. Local Rule 110. Sanctions may be monetary, and may include reimbursing defendants for their counsel's time and expenses incurred in traveling to the hearing. Sanctions may also take non-monetary forms, such as a recommendation that plaintiff's action be dismissed for failure to comply with the rules of litigation procedure, the court's local rules, and the undersigned's orders. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Plaintiff is cautioned that his failure to timely comply with this Order to Show Cause may result in the imposition of additional sanctions, *including a recommendation that his case be dismissed pursuant to Federal Rule of Civil Procedure 41(b)*. Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.

See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

If plaintiff *timely* files a response to this order *and* makes a showing sufficient to satisfy the undersigned that plaintiff's failure to appear at the January 12, 2012 hearing should not be deemed "a withdrawal of the . . . opposition to the motion" and/or should not "result in the imposition of sanctions," E. Dist. Local Rule 230(i) , the undersigned will set defendant's pending motion to dismiss for an additional hearing to give plaintiff another opportunity to appear and be heard in connection therewith. **Such hearing shall be set for February 2, 2012, at 10:00 a.m., in Courtroom 25.** Defendant's counsel will be permitted to appear telephonically at that hearing, and when the matter is called, the undersigned's courtroom deputy will telephone counsel at the number counsel provided during the hearing on January 12, 2012. If, however, plaintiff *fails* to timely file a response to this order and/or otherwise *fails* to make the requisite showing described above, the undersigned will vacate the hearing date of February 2, 2012, and make a determination on the submitted papers and pursuant to Local Rule 230(i) .

////

////

For the reasons stated above, IT IS HEREBY ORDERED that:

1. ***On or before January 23, 2012,*** plaintiff is ordered to show cause in writing why he should not be monetarily sanctioned, or be otherwise sanctioned, for failing to appear at the hearing on January 12, 2012.

2. Plaintiff's failure to timely comply with this Order to Show Cause may result in the imposition of additional sanctions, *including a recommendation that his case be dismissed pursuant to Federal Rule of Civil Procedure 41(b)*.

3. If plaintiff *timely* files a response to this order *and* makes a showing sufficient to satisfy the undersigned that plaintiff's failure to appear should not be deemed "a withdrawal of the . . . opposition to the motion" and/or should not "result in the imposition of sanctions," E. Dist. Local Rule 230(i), the undersigned will set defendant's pending motion to dismiss for an additional hearing to occur ***on February 2, 2012, at 10:00 a.m., in Courtroom 25.*** Defendant's counsel will be permitted to appear telephonically at that hearing. If, however, plaintiff *fails* to timely file a response to this order and/or otherwise *fails* to make the requisite showing described above, the undersigned will vacate the hearing date of February 2, 2012, and make a determination on the submitted papers and pursuant to Local Rule 230(i)

IT IS SO ORDERED.

DATED: January 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE