IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN L. HARRIS III,

    Plaintiff,

v.

KAMALA HARRIS, Attorney General of the State of California, as in her official capacity, et al.,

    Defendants.

_____/

No. 2:11-cv-2186 GEB KJN PS

ORDER DISCHARGING OSC

    Plaintiff John L. Harris III ("plaintiff") is proceeding without counsel in this action.[1]  Defendants' motion to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) was set to be heard on January 12, 2012. (Mot. to Dismiss, Dkt. No. 21; Minute Order, Dkt. No. 27 (resetting hearing date for January 12, 2012).)  Plaintiff filed a written opposition ("Opposition") on December 13, 2011.  (Oppo., Dkt. No. 23.)  In his Opposition, plaintiff specifically requested oral argument on the pending motion to dismiss.  (Id. at 1 ("Oral Argunent [sic] Requested").)

    The court heard this matter on its law and motion calendar on January 12, 2012.

---

[1] This action was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21).  (Dkt. No. 4.)

1

1  Attorney Christine Mersten appeared on behalf of defendants.  When plaintiff did not appear at
2  the hearing, however, the undersigned took defendant's motion under submission and issued an
3  Order to Show Cause ("OSC") requiring plaintiff to explain his failure to appear.  (OSC, Dkt.
4  No. 30)

5         On January 19, 2012, plaintiff timely filed a written statement in substantial
6  compliance with the court's OSC.  (Dkt. No. 32.)  Plaintiff sufficiently described the events
7  contributing to his failure to appear: his cousin's unfortunate medical circumstances triggering
8  plaintiff's admitted failure to properly read the court's minute orders.[2]  (Id. at 2-3.)  Plaintiff
9  concedes that the orders were "not ambiguous," but explains that his misreading resulted from
10 "the deluge of life and death issues" his cousin's medical situation presented.  (Id. at 3.)  While
11 the undersigned excuses plaintiff's failure to appear (and failure to carefully read the court's
12 order) on this particular occasion, future similar failures will not likely be excused.

13        The undersigned also reminds plaintiff of his obligation to timely prosecute his
14 case.  This will require plaintiff to increase the care with which he reads orders from this court,
15 including minute orders.

---

[2] On December 22, 2011, the court issued the following minute order: "MINUTE ORDER (Text Only) by Courtroom Deputy K. Owen for Magistrate Judge Kendall J. Newman on 12/22/11: On the court's own motion, the hearing currently set for December 29, 2011, regarding defendants' Motion to Dismiss the Second Amended Complaint is hereby CONTINUED to January 12, 2012, at 10:00 a.m. in Courtroom 25. The December 29, 2011, hearing date is hereby VACATED."  (Dkt. No. 27.)

On December 27, 2011, the court issued the following minute order: "MINUTE ORDER by Courtroom Deputy M. Caspar for Magistrate Judge Kendall J. Newman on 12/27/2011: The Status Conference currently set for 1/12/2012 is hereby VACATED. The court will set a future Status Conference after the resolution of the pending Motion to Dismiss. (TEXT ONLY)"  (Dkt. No. 28.)

Plaintiff represents that he read the minute order of December 27, 2011, to "vacate" the hearing set for defendant's Motion to Dismiss.  (Dkt. No. 32 at 2-3.)  Plaintiff admits that the order of December 27, 2011, clearly addresses the setting of a Status Conference, and did not address the hearing date for defendant's Motion to Dismiss.  (Id.)  Plaintiff suggests that duress caused by his cousin's medical condition led plaintiff to misread the order.  (Id.)

Accordingly, it is hereby ORDERED that:

1. The Order to Show Cause (Dkt. No. 30) directed to plaintiff is discharged.[3]

2. Defendants' pending motion to dismiss is set to be heard on **February 2, 2012, at 10:00 a.m., in Courtroom 25.**  Defendant's counsel is permitted to appear telephonically at that hearing.  Should plaintiff fail to appear at the hearing on February 2, 2012, absent extraordinary circumstances, plaintiff will be sanctioned and such sanctions may include dismissal of plaintiff's case.  See E. Dist. Local Rules 110, 183, 230(i) ; Fed. R. Civ. P. 41(b); Ghazali v. Moran, 46 F.3d 52, 53 (9thCir. 1995); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

IT IS SO ORDERED.

DATED:  January 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] While defendants' counsel submitted a declaration itemizing defendants' costs and expenses arising from counsel's appearance at the hearing on January 12, 2012, (see Declaration of Christine Mersten ("Mersten Decl."), Dkt. No. 31), the undersigned will not order plaintiff to pay monetary sanctions at this time.